**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**BOBBY WEATHERTON**                                                                                       **CIVIL ACTION**

**VERSUS**

**AMERICA'S MOST WANTED, ET AL.**                                                              **NO. 09-0111-BAJ-DLD**

**NOTICE**

  Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

  In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

  ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

  Signed in Baton Rouge, Louisiana, on September 27, 2010.

                                                    _____

                                         **MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**BOBBY WEATHERTON**                                                                 **CIVIL ACTION**

**VERSUS**

**AMERICA'S MOST WANTED, ET AL.**                                       **NO. 09-0111-BAJ-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, a prisoner confined at the Ascension Parish Jail, Donaldsonville, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Ascension Parish Sheriff's Office, Detective Glenn Luna, Major Bennie Delaune, the United States Marshal's Service, the Louisiana Middle District Fugitive Task Force, "America's Most Wanted", Television Producer Ms. Karen Daborowski, the Fox Television Network, unidentified members of the Louisiana Middle District Fugitive Task Force and unidentified producers of "America's Most Wanted". The plaintiff asserts that in February, 2007, a warrant was issued for his arrest by the Ascension Parish Sheriff's Office on charges of aggravated rape, aggravated kidnaping and attempted first degree murder, based upon a complaint made by the alleged victim, Danica Medine. During the subsequent investigation, and before the plaintiff was apprehended, defendant Glenn Luna caused to be issued arrest warrants and search warrants wherein defendant Luna stated that the plaintiff was believed to have committed attempted murder, by strangulation, of Ms. Medine, notwithstanding that defendant Luna allegedly "knew the evidence did not support Ms. Medine's account of being strangled". Thereafter, when attempts to locate the plaintiff continued to be unsuccessful, unidentified members of the United States Marshal's Office allegedly contacted the producers of "America's Most Wanted" ("AMW"), a television program aired on the Fox Television Network, and AMW then aired a short segment in December, 2007, wherein the plaintiff was mentioned. Ultimately, AMW aired a prime time re-enactment of the alleged offenses in February, 2008, wherein AMW allegedly made numerous false and slanderous statements and depictions regarding

the plaintiff, his character, his prior criminal record and the offenses for which he was sought. The plaintiff asserts that AMW obtained much of the information utilized in the production from the Ascension Parish Sheriff's Office and the United States Marshal's Office, and the plaintiff complains that no disclaimer was aired together with the re-enactment. The plaintiff alleges that he was ultimately arrested on May 5, 2008, and although a grand jury failed to indict him for attempted first degree murder, he was indicted on January 6, 2009, on charges of aggravated rape and second degree kidnaping. He seems to argue that the Ascension Parish Sheriff's Office and the United States Marshal's Office inappropriately sought and utilized the assistance of AMW in apprehending the plaintiff in May, 2008.

Inasmuch as the plaintiff has paid the Court's filing fee, the screening procedure with respect to in forma pauperis complaints under 28 U.S.C. § 1915(e) is inapplicable. Nor does 28 U.S.C. § 1915A strictly apply inasmuch as the plaintiff has named as defendants herein not only governmental entities and employees, to which this statute applies, but also non-governmental entities and employees. However, the Court is authorized to dismiss a fee-paid Complaint upon substantive review for failure of the plaintiff to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, see Baker v. White, 30 F.3d 1491 (5th Cir. 1994). Further, when a plaintiff's Complaint is facially frivolous and insubstantial, it is seen as not sufficient to invoke the jurisdiction of the federal courts. Dilworth v. Dallas County Community College Dist., 81 F.3d 616 (5th Cir. 1996), citing Oliveres v. Martin, 555 F.2d 1192 (5th Cir. 1977). Indeed, the United States Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and insubstantial as to be absolutely devoid of merit". Hagans v. Lavine, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (citation and internal quotation omitted). "A claim is insubstantial only if its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." Id. (citation and internal quotation omitted). See also Mallard v. United States District

Court for the Southern District of Iowa, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) (mentioning in dicta that 28 U.S.C. § 1915(d) "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); Apple v. Glenn, 183 F.3d 477 (6th Cir. 1999) (recognizing a district court's authority to conduct a limited screening procedure, sua sponte, of a fee-paid Complaint, if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion", citing Hagans v. Lavine, supra).

Applying this analysis to the plaintiff's claims asserted in this proceeding, it appears that these claims are not properly before this Court. Initially, the plaintiff fails to state a claim upon which relief may be granted with regard to the Ascension Parish Sheriff's Office. Under Rule 17(b) of the Federal Rules of Civil Procedure, the capacity to sue or be sued must be determined by the law of the state in which the district court is held. Under Louisiana law a parish sheriff is the proper party-defendant to respond on behalf of the Sheriff's Office. It is well-settled under Louisiana law that a Sheriff's Office is not a legal entity capable of being sued. Valentine v. Bonneville Ins. Co., 691 So.2d 665 (La. 1997); Ferguson v. Stephens, 623 So.2d 711 (La. App. 4th Cir. 1993). See also Marchiafava v. Gonzalez Louisiana Police Dept., 2008 WL 2437526 (M.D. La., June 16, 2008). Accordingly, the plaintiff's claims asserted against the Ascension Parish Sheriff's Office must be dismissed.

Turning to the plaintiff's claims asserted against the federal defendants, the United States Marshal's Service, the Middle District Fugitive Task Force, and unidentified members of the Marshal's Service and Fugitive Task Force, these claims as well are not properly before this Court. The doctrine of sovereign immunity protects the United States government from any lawsuits unless the government has waived its immunity and/or has consented to be sued. Center v. Bio-Ethical Reform, Inc. v. City of Springboro, 477 F.3d 807 (6th Cir. 2007), citing United States v. Dalm, 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); Butz v. Economou, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). To the extent that the plaintiff seeks to bring this action under the doctrine

recognized by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (holding that the Fourteenth Amendment to the United States Constitution constitutes a waiver of sovereign immunity as to claims asserted against federal officers in their individual capacities relative to alleged violations of a claimant's constitutional civil rights), the plaintiff has not identified any specific federal officer, and the Bivens doctrine does not allow actions against the United States itself or against federal agencies. Correctional Services Corp. v. Malesko, 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001). See also Briggs v. U.S. Marshal's Service, 2007 WL 1174261 (W.D. Tenn., Apr. 19, 2007) (holding that the plaintiff's claim asserted against the United States Marshal's Service, a federal agency, was barred by sovereign immunity.). Further, to the extent that the plaintiff may be asserting that the federal defendants violated state law, such claims must be brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, et seq., 2671, et seq. This statute, however, does not allow the bringing of lawsuits against individual federal officers or federal agencies and instead requires that the lawsuit be brought against the United States as defendant. United States v. Smith, 499 U.S. 160, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991). Further, 28 U.S.C. § 2675(a) provides that an "action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." The filing of an administrative claim is jurisdictional and is a non-waivable prerequisite to maintaining a civil action against the United States for damages arising from the alleged wrongful acts of a federal employee. McNeil v. United States, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Consequently, the plaintiff's failure to name the proper parties in this case and/or exhaust his administrative remedies precludes this Court's jurisdiction over any claims against the federal defendants.

Turning to the plaintiff's claim asserted against the media defendants, the Fox Television Network, Ms. Karen Daborowski, AMW and unnamed producers of AMW, this claim also fails to rise to the level of a constitutional violation. In this regard, 42 U.S.C. § 1983 is not itself a source of

substantive rights. Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). In order to recover under § 1983, a plaintiff must show that he was deprived of a federal right through conduct which is "fairly attributable to the State." Lugar v. Edmonton Oil Co., 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). That is, "the party charged with the deprivation must be a person who .... is a state official, [or who] has acted together with or has obtained significant aid from state officials, or [whose] conduct is otherwise chargeable to the State." Id.

     The Fox Television Network and its officers and employees are not state actors. See, e.g., Neal v. Dorch., 2010 WL 1141211 (W.D. Ky., March 22, 2010). In Neal, the Court addressed a factual situation similar to that presented herein and dismissed as frivolous a claim asserted by a pretrial detainee against television stations, the stations' parent companies and television reporters who had aired a program which "broadcast his picture with a story falsely accusing him of burglary, sodomy and rapes dating back to 2000. Falsely broadcasting/reporting that petitioner's DNA was found at each scene of four rapes dating back to 2002. Speaking definatively [sic] by listing the years, showing a map of the locations and petitioner being the perpetrator of said crimes. Portraying petitioner as a violent serial rapist.... Then encouraging anyone that has been victimised [sic] by petitioner to come forward and call the ... Tip Line." See also Mansfield v. Niekamp, 208 F.3d 214 (6th Cir. 2000) (dismissing claim against television station which allegedly broadcast false information about a criminal case then pending against plaintiff: "Here, plaintiff's claim is not cognizable under § 1983 because defendant did not act under color of state law in broadcasting allegedly false information."); Wilson v. "Hardcopy", 69 F.3d 540 (7th Cir. 1995) (dismissing claim by inmate against television program which re-enacted the plaintiff's crime, allegedly misrepresenting the incident: "Neither 'Hardcopy' nor its producers are state officials."); Windham v. Graham, 2008 WL 3833789 (D. S.C., Aug. 14, 2008) (dismissing claim by pretrial detainee against John Walsh, the host of "America's Most Wanted" because "Walsh's reporting of the plaintiff's case on his program "did not represent 'a sufficiently close nexus between the State and challenged action ... so that the action of the latter may be fairly treated as that of the State itself.'").

Similarly, this Court concludes that the airing of the referenced television programs by the media defendants in the instant case did not constitute state action cognizable under § 1983.

Finally, the plaintiff asserts that detective Glenn Luna and supervisor Bennie Delaune, of the Ascension Parish Sheriff's Office, disseminated false information in connection with the investigation of the offenses charged against the plaintiff, thereby adversely affecting his reputation. This claim is not cognizable in this Court. Injury to reputation, even if defamatory, without more, is not a liberty interest protected under the Fourteenth Amendment to the United States Constitution. Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); Siegert v. Gilley, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). Allegations of public humiliation and subjection to scorn and ridicule do not state a claim under § 1983. Mowbray v. Cameron County, Tex., 274 F.3d 269 (5th Cir. 2001), cert. denied, 535 U.S. 1055, 122 S.Ct. 1912, 152 L.Ed.2d 822 (2002). Accordingly, the plaintiff's claim asserted against these defendants is not a claim of constitutional dimension and is not properly before the Court. Further, to the extent that the plaintiff's allegations may be interpreted as asserting that the charges levied against him by these defendants were inflated or exaggerated, he has not alleged a claim of wrongful arrest by asserting that the defendants lacked probable cause for the charges, nor has he asserted that he was not thereafter afforded due process in the form of an initial hearing, appointment of counsel, and a grand jury indictment. Accordingly, based on the allegations of the plaintiff's Complaint, there is no basis for the imposition of liability against these defendants relative to this claim.

To the extent that the plaintiff seeks to invoke the supplemental jurisdiction of this court with regard to any claims arising under state law, district courts may decline to exercise supplemental jurisdiction over a claim or claims if the claim raises a novel or complex issue of state law, if the claim substantially predominates over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, inasmuch as the Court recommends dismissal of the plaintiff's federal claims asserted herein, it is appropriate that the

Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is recommended that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims, that the Court dismiss the plaintiff's federal claims as legally frivolous and for failure to state a claim upon which relief may be granted, and that this action be dismissed.[1]

Signed in Baton Rouge, Louisiana, on September 27, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] The plaintiff is placed on notice that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."